**PUBLIC CITIZEN LITIGATION GROUP**
1600 20th Street NW • Washington DC 20009
202/588-1000 • www.citizen.org

November 16, 2026

**VIA CM/ECF**

Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave NW
Washington, DC 20001

Re: *Rivera Lujan v. Federal Motor Carrier Safety Administration*, No. 26-1032 (consol. with No. 26-1046)

Dear Mr. Cislak:

Pursuant to Rule 28(j), Petitioners Jorge Rivera Lujan, Aleksei Semenovskii, American Federation of State, County & Municipal Employees, and American Federation of Teachers, advise the Court of the Second Circuit's recent decision in *New York v. United States Department of Transportation*, No. 26-1097, --- F.4th ----, 2026 WL 3453884 (2d Cir. Nov. 13, 2026).

In *New York*, the Second Circuit considered New York's challenge to the Federal Motor Carrier Safety Administration's (FMCSA) decision to withhold federal funding based on the agency's determination that New York had not substantially complied with a purported regulatory requirement that states match the validity periods of non-domiciled commercial drivers' licenses (CDLs) to the expiration dates on drivers' lawful presence paperwork, such as an Employment Authorization Document (EAD). Ruling for New York, the Second Circuit held that FMCSA's regulations, as they existed before September 2025, did not require states to match those dates. The court explained that FMCSA's contrary argument was unsupported by the plain text and structure of the regulations. *See* 2026 WL 3453884, at *1, *6.

Here, FMCSA seeks to justify the Final Rule in part based on purported regulatory noncompliance by states in matching the

expiration date on a non-domiciled CDL to the expiration date on the driver's EAD. *See* 91 Fed. Reg. 7045, 7052; Resp. Final Br. 55–57. The Second Circuit's unanimous holding that previous CDL regulations contained no date-matching requirement supports Petitioners' argument that FMCSA's professed concern about state noncompliance with such a requirement does not support the Final Rule. *See* Rivera Lujan Pets. Final Opening Br. 58–59; Rivera Lujan Pets. Final Reply Br. 28–29.

Sincerely,



Wendy Liu
Public Citizen Litigation Group

*Counsel for Petitioners Rivera Lujan, et al.*