**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Tel: (202) 514-1673

November 20, 2026

**Via CM/ECF**

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
Office of the Clerk
E. Barrett Prettyman U.S. Courthouse and William B. Bryant Annex
333 Constitution Avenue, N.W.
Washington, D.C. 20001

RE: *Rivera Lujan v. Federal Motor Carrier Safety Administration*, No. 26-1032

Dear Mr. Cislak:

The government hereby respectfully responds to petitioners' letter dated November 16, 2026. As petitioners state, the Second Circuit recently set aside a final determination of substantial noncompliance issued to the State of New York based on the results of a 2025 annual program review of that State's compliance with federal commercial driver's license (CDL) regulations. The government respectfully disagrees with the Second Circuit's conclusion that regulations in effect during the relevant time did not "require States to match the validity periods of non-domiciled CDLs to the expiration dates on drivers' lawful presence paperwork." *New York v. U.S. Dep't of Transp.*, No. 26-1097, 2026 WL 3453884, at *4 (2d Cir. Nov. 13, 2026).

In any event, even if correct, the Second Circuit's analysis does not advance petitioners' arguments here. Petitioners agree that the final rule at issue here made explicit the expiration-date matching requirement the Second Circuit held did not previously exist, *Lujan* Br. 61, and they have not challenged that aspect of the rule. Thus, the final

rule's expiration-date matching clarification should remain undisturbed no matter the outcome of this case. Instead, petitioners challenge the rule's (1) narrowing of the classes of non-U.S. domiciliaries eligible to obtain a CDL, and (2) revisions to the acceptable documentation an applicant may use to establish eligibility. Answering Br. 1-2. The Second Circuit's holding has no significant bearing on those challenges.

In eliminating reliance on Employment Authorization Documents (EADs), FMCSA noted pervasive failures by States to interpret those documents correctly, failures extending beyond the federal expiration-matching issue. Answering Br. 49-50. For example, many States issued CDLs to categorically ineligible drivers based on misinterpretation of EAD codes. Answering Br. 54. And even as to expiration-date matching, multiple States had the same requirement as a matter of state law, yet exhibited significant rates of noncompliance. Answering Br. 56-57. The salient question for the final rule at issue here is thus not whether an expiration-matching requirement previously existed in FMCSA's regulations, but whether the agency reasonably determined that ceasing to rely on EADs would ameliorate the several problems it identified. Answering Br. 55-57.

Sincerely,

*<u>/s/ Simon G. Jerome</u>*
Simon Gregory Jerome

cc: All counsel (via CM/ECF)